IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID PATRICK SILVA and CINDI L. JONES,

    Plaintiffs,

    v.

COUNTY OF TEHAMA, et al.

    Defendants.

CIV-S-03-1853 DFL/CMK

MEMORANDUM OF OPINION AND ORDER

Plaintiffs bring federal and state law claims against defendants based on a November 2002 search of plaintiffs' residence. Defendants City of Corning ("Corning"), County of Glenn ("Glenn"), and County of Tehama ("Tehama") each move for summary judgment as to plaintiffs' claims against them. For the reasons stated below, defendants' motions are GRANTED.

I.

On the morning of November 8, 2002, law enforcement officers from the defendant counties and city executed a search warrant at

1

plaintiff Silva's residence.[1]  (Compl. ¶ 14.)  Plaintiffs allege that the officers used excessive force by breaking down the door to the residence and beating plaintiff Silva.  (Id.)  Plaintiffs also allege that the officers physically assaulted plaintiff Jones and forced her to undergo an unlawful strip search.  (Id. ¶¶ 15, 54.)  As to the moving defendants, plaintiffs allege that Corning, Glenn, and Tehama have a policy or practice of permitting the use of excessive force in searches.  (Id. ¶¶ 22-24.)  In addition, plaintiffs allege that the moving defendants failed to train their officers on how to conduct legal searches.  (Id. ¶¶ 35-38.)

In September 2003, plaintiffs filed a complaint making federal claims against the moving defendants, alleging municipal liability under Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978).  The complaint also makes various federal and state law claims against the individual police officers, named as "does" in the complaint.

II.

In their motions for summary judgment, defendants content that the discovery taken over the past year-and-a-half, does not support a Monell claim.  Defendant Corning specifically states that plaintiffs, in response to written discovery requests and in their deposition testimony, failed to point to a single fact

---

[1] The officers were working together as a task force called TAGMET (Tehama and Glenn Methamphetamine Enforcement Team), which was directed by the State of California Department of Justice. (Compl. ¶ 14; Parker Decl. ¶ 2.)

showing that the alleged use of excessive force and unlawful strip search were caused by "a municipal policy or custom, deliberate or otherwise." (Corning Mot. at 5.) Similarly, Tehama states that "plaintiffs have failed to produce any admissible evidence which would be sufficient" to show Monell liability. (Tehama Mot. at 7.)

In response, plaintiffs do not come forward with evidence supporting their Monell claims. See Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986) (holding that moving party discharges its burden of production "by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case"). Therefore, plaintiffs have not carried their burden, and defendants' motions for summary judgment are GRANTED.

As to the remaining claims, plaintiffs request the opportunity to amend their pleadings to name the individual defendants that are listed as "does." (Opp'n at 3.) When a request to amend the complaint is made after the scheduling order is issued, plaintiffs must show good cause for the amendment under Fed.R.Civ.P. 16. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). The Rule 16(b) standard focuses on the diligence of the party seeking the amendment rather than prejudice to the other party, as under Fed.R.Civ.P. 15. Johnson, 975 F.2d at 609.

In this case, plaintiffs conceded at oral argument that they

3

1  knew the identity of the "doe" defendants by December 2003.
2  Therefore, plaintiffs have not been diligent.  They had over a
3  year-and-a half to amend their complaint to properly name the
4  individuals officers, but failed to do so.  Moreover, they
5  provide no rationale for this oversight.  Therefore, plaintiffs'
6  motion to amend the complaint is DENIED.

                                III.

   For the reasons discussed above, defendants' motions for
summary judgment are GRANTED.  Plaintiffs' motion to amend the
complaint is DENIED.  Finally, the remaining federal and state
law claims against the "doe" defendants are dismissed.  The clerk
shall enter judgment.

   IT IS SO ORDERED.

Dated: 10/20/2005

                                _____
                                DAVID F. LEVI
                                United States District Judge

4